IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| VONDA GARDNER<br>15903 Parkgrove Ave.<br>Cleveland, Ohio 44114<br><br>on behalf of herself and all others similarly situated<br><br>       Plaintiff,<br><br>   vs.<br><br>CARVANA, INC.<br>c/o Statutory Agent<br>Corporation Service Co.<br>3366 Riverside Drive, Ste. 103<br>Upper Arlington, Ohio 43221<br><br>       Defendant. | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff, Vonda Gardner, by and through counsel, and for her Complaint against Defendant Carvana, Inc. (collectively "Carvana") states and allege the following:

## INTRODUCTION

1. This is a collective action instituted by Plaintiff as a result of Defendant's policy and practice of failing to pay Plaintiff and other similarly situated employees their overtime compensation at the rate of one and one-half times their regular rates of pay for the hours they worked over 40 each workweek under the Fair Labor Standards Act ("FLSA"), 29 U.C.S. 201-219, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), and R.C. 4111.03.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. 1391(b) because Defendants conduct business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Cuyahoga County, Ohio.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and O.R.C. §4111.03.

6. At all times relevant herein, Defendant operates a for-profit company, organized and existing under the laws of the State of Arizona, with its principal place of business at 1930 W. Rio Salado Parkway, Tempe, AZ 85281. Carvana maintained a facility at 20001 Euclid Ave., Euclid, OH 44117.

7. At times relevant herein, Defendant conducted business in Cuyahoga County, Ohio.

8. At all times relevant herein, Defendant is an employer within the meaning of 29 U.S.C. § 203(d) and O.R.C.§4111.03.

9. At all times relevant herein, Defendant is an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

12. Defendant operates a business which buys and sells used cars online throughout the United States.

13. Plaintiff was first employed by Defendant in August 2021. She was hired to provide security services at Defendant's inspection facility in Euclid OH and was paid a rate of $17.00 per hour.

14. Other similarly situated employees were employed by Defendant as security guards in their Ohio facilities.

15. Due to the lack of operable security cameras and safety measures at the Ohio facilities, Plaintiff and other similarly situated employees regularly worked through their lunch breaks by eating in their vehicles and continuing their security duties.

16. Violent vehicle thefts occurred at Defendant's Ohio facilties because Defendant failed to staff the facility properly.

17. Plaintiff and other similarly situated employees could not take their unpaid breaks because it would leave the facility unsecured.

18. Despite having to work through their breaks, Plaintiff and other similarly situated employees were not paid for this time.

19. Plaintiff personally witnessed other employees who were required to continue working during their unpaid breaks.

20. Defendant's supervisors instructed Plaintiff and other security guards to remain on site and respond if they witnessed any security threats during their unpaid breaks.

21. Defendant maintained a policy and practice of requiring security guards to perform work during their unpaid breaks.

22. Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

23. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All former and current security guards who worked for Defendant at any Ohio facility and at any time during the three (3) years preceding the date of the filing of this action through formal disposition of this matter ("FLSA Class").

24. Plaintiff is unable to state at this time the exact size of the FLSA Class, but upon information and belief, avers that it consists of more than 50 persons.

25. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid minimum wages, liquidated damages, attorneys' fees and costs under the FLSA. The FLSA Class Members are similarly situated to Plaintiff with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as her own in bringing this action.

26. Like Plaintiff, the FLSA Class Members were, *inter alia*, required to work during their unpaid breaks.

27. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as her own in bringing this action.

28. The FLSA Class Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to "opt-in" pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating

their claims for unpaid compensation, liquidated damages, attorneys' fees and costs under the FLSA.

29. Although the exact amount of damages may vary among the FLSA Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

30. Plaintiff brings this action pursuant to Civ. R. 23(A) and (B)(1) and (3) on behalf of herself and a class of persons employed by Defendant in Ohio within the last three years defined as:

> All former and current security guards who worked for Defendant at any Ohio facility and at any time during the three (3) years preceding the date of the filing of this action through formal disposition of this matter ("Ohio Class").

31. The Ohio Class is so numerous that joinder of all Ohio Class Members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class but, upon information and belief, avers that it consists of more than 50 people.

32. The Ohio Class Members are readily ascertainable. The number and identity of the Ohio Class Members are determinable from Defendant's records. The hours assigned and worked, the positions held, and the rates of pay for each Ohio Class Member are also determinable from Defendant's records. For the purpose of notice and other purposes related to this action, the Ohio Class Members' names and addresses are readily available from Defendant. Notice can be provided by means permissible under Civ. R. 23.

33. Plaintiff's claims are typical of those claims which could be alleged by any Ohio Class Member, and the relief sought is typical of the relief which would be sought by each Ohio Class Member in separate actions.

34. Plaintiff and the Ohio Class Members are and/or were subject to the same corporate practices of Defendant, as alleged herein, of failing to properly pay wages.

35. Plaintiff and the Ohio Class Members have all been injured in that they have been under- compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected Plaintiff and the Ohio Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to Plaintiff and to each of the Ohio Class Members.

36. Plaintiff and other Ohio Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

37. Plaintiff is able to fairly and adequately protect the interests of the Ohio Class Members and has no interests antagonistic to the Ohio Class Members.

38. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

39. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

40. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

41. Because the losses, injuries, and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of

individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them.

42. On the other hand, important public interests will be served by addressing the matter as a class action.

43. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

44. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class Members, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties.

45. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

46. This action is properly maintainable as a class action under Civ. R. 23.

47. Common questions of law and fact exist as to the Class Members that predominate over any questions only affecting Plaintiff and the Class Members individually and include, but are not limited to, the following:

    (a) Whether Defendant violated Article II § 34a of the Ohio Constitution;

    (b) Whether Defendant paid Plaintiff and the Class Members at the proper wages for all hours worked; and,

      (c)      Whether Defendant failed to pay all wages due to Plaintiff and the Class Members within 30 days of their regularly scheduled payday.

## COUNT ONE
### (Fair Labor Standards Act Violations)

48.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49.    Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at the rate of one and one-half times their regular rates of pay for the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. 207.

50.    Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR 516.2(a)(7).

51.    By engaging in the above-described practices and policies, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

52.    As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Ohio Class Action)

53.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54.    Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for work performed off-the-clock violated the OMFWSA, R.C. §§ 4111.03 and

8

4111.10.

55. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

56. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b) and O.R.C. §4111.10, to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the classes she represents actual damages for unpaid wages;

D. Award Plaintiff and the classes she represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the classes she represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the classes she represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the classes she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ *Robert B. Kapitan*
Robert B. Kapitan (0074327)
Anthony J. Lazzaro (0077962)

>The Lazzaro Law Firm, LLC
>The Heritage Building, Suite 250
>34555 Chagrin Boulevard
>Moreland Hills, Ohio 44022
>Phone: 216-696-5000
>Facsimile: 216-696-7005
>robert@lazzarolawfirm.com
>anthony@lazzarolawfirm.com
>Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

>/s/ *Robert B. Kapitan*
>One of Plaintiff's Attorneys